**PAY–LESS SELF–SERVICE SHOES et al., Appellants,**

**v.**

**Joyce Nell REVIA et al., Appellees.**

**No. 7266.**

Court of Civil Appeals of Texas, Beaumont.

July 29, 1971.

Motion for Rehearing Overruled Aug. 26, 1971.

Mehaffy, Weber, Keith & Gonsoulin, Beaumont, for appellants.

Harold Peterson, Beaumont, for appellees.

STEPHENSON, Justice.

This is an appeal from an order over-ruling defendant's plea of privilege. Joyce Nell Revia, a minor brought this suit through her mother as next friend against defendants, Pay-Less Self-Service Shoes, a corporation, and its store manager, Damasio Q. Rivas. It is agreed that Travis County is the principal place of business of the corporate defendant, and that the residence of the individual defendant is Jefferson County. Plaintiffs relied upon Subdivisions 4, 9a and 23 of Art. 1995, Vernon's Ann.Civ.St. to retain venue in Jefferson County. The parties will be referred to as they were in the trial court. No findings of fact or conclusions of law were requested or filed.

■ It is conceded that the plaintiffs had the burden of proving a cause of action under any one of these three subdivisions. Defendant's points of error are that plaintiffs failed to prove a cause of action against either the corporate or individual defendant. These are, in effect, "no-evidence" points, and in passing upon them we consider the evidence in its most favorable light in support of the implied finding by the trial court that plaintiffs proved a cause of action. East Texas Theatres, Inc. v. Rutledge, 453 S.W.2d 466 (Tex.1970).

In substance, plaintiffs allege their cause of action as one for damages for personal injuries received by this eleven-year old girl while a customer in defendants' store which were proximately caused by defendants' negligence in the following respects:

(1) Failure to provide adequate supervision in the store;

(2) Failure to set up adequate rules and procedures to prevent the occurrence in question;

(3) Failure to provide a store in which a minor child could shop in reasonable safety;

(4) Failure to keep the door to the storerooms in which this assault occurred locked under the conditions and circumstances prevailing.

The testimony offered by plaintiffs on the hearing of this plea of privilege was in substance as follows:

Joyce Revia testified by deposition: She was twelve years old at the time the deposition was taken and four days less than eleven when the incident made the basis of this suit occurred. She lived with her mother at 1259 Harrison in Beaumont, which was about six and one-half blocks from defendants' store. She had been to this store before as often as five or six

times. She went to the store alone the day of this occurrence to get a pair of boots. She knew defendant Rivas to be the manager of the store. Rivas was not there when she arrived, but he came in while she was looking at the boots. A saleslady was there when she arrived, and a real tall man was working behind the counter. While she was looking at the boots a man came up to her and asked if he could help. He had on blue pants and a blue shirt. He was white with reddish-blonde hair with sideburns coming into a goatee. He helped her try on two pairs of boots, and when they didn't fit, he told her they had a larger size in the back. Rivas was back in the store by this time. The man waiting on her told her to come to the back for the larger size. She was scared and told him she did not want to go with him, and he caught her arm and pulled her back about ten or twelve feet into the storeroom located in the back of the store. She twisted her arm a little trying to get away. She was too scared to scream, although she could see a lady customer and the saleslady down two or three aisles. When they got in the storeroom, he turned loose of her arm and reached up for something. As she turned to walk off, he grabbed her by the neck and that's the last she remembered until she woke up in the hospital. When she came to in the hospital, her throat was swollen, her nose was broken, the bone under her left eye was broken, and one tooth was broken out. She did not know why the man beat her up. The door into the storeroom was not locked and was open a little.

Damasio Q. Rivas testified: He is the manager at Pay-Less Shoes and was at the time of this occurrence. He was twenty-four years of age at the time his deposition was taken, and had worked for Pay-Less Shoes for seven years. Employees working the day of this incident, in addition to Rivas, were Danny Crysel, the assistant manager, who was about twenty years old, and Susan Garrett, a saleslady. All three came to work about 8:30 that Saturday

morning. Rivas went to lunch at about 12:00 noon and returned to the store about 1:00 p. m. Crysel was behind the cash register and left immediately when Rivas returned. Susan Garrett was the only other employee in the store at the time. Susan Garrett was scheduled to leave at 1:00 but another employee scheduled to come to work did not show up, so Susan did not get to leave. He did not see Joyce Revia when he returned from lunch and had no specific recollection of anyone being in the store. Business was slack, as usual, about that time of the afternoon. The store is about fifty to sixty paces or steps wide, with a counter and cash register in the front, five rows of display racks about five feet high, with an overstock room in the back. There is a swinging door leading into the storeroom which has no lock. There is a door leading from the storeroom to the outside from the rear of the building which is kept locked, and which must be locked from the inside. There is one restroom in the storeroom for all of the employees. A sign on the swinging door to the storeroom says "Employees Only." About ten or fifteen minutes after he returned from lunch, a lady asked about a pair of shoes and Rivas went into the storeroom, heard moaning and discovered Joyce Revia. Joyce was lying on her back on the floor bleeding and semiconscious. Her pants and brassiere had been torn off and her dress was still clinging to her neck. He knew nothing about anyone who might have had anything to do with the assault. With just two of them on duty, it was Rivas' job to take care of the cash register and the saleslady's, to roam around straightening up and helping people.

Harold Peterson testified in person as follows: He is the attorney representing plaintiffs in this case. The Pay-Less store in question is situated at the intersection of Magnolia and Calder Streets in Beaumont, which is an area in which transient persons live. There are a number of rooming houses within three or four blocks of this

store and a number of transient laborers live in the vicinity.

 We apply the law to the facts of this case by beginning with the accepted premise that the occupier owes a duty of ordinary care to his invitees. Scott v. Liebman, 404 S.W.2d 288 (Tex.1966). To prove a cause of action, plaintiffs had to prove negligence and proximate cause. This they failed to do. We have serious doubts that there is any evidence of negligence but, without question, there is no evidence as to proximate cause. As has been said so many times by the Supreme Court of this state, and in East Texas Theatres, Inc. v. Rutledge, supra (453 S. W.2d at p. 468), it is repeated:

> "[I]t is well settled that proximate cause includes two essential elements: (1) there must be cause in fact—a cause which produces an event and without which the event would not have occurred; and (2) foreseeability."

There is no evidence that the defendants in this case should have been able to foresee the chain of events which led to plaintiffs' injuries in this case.

We have made a careful study of all of the cases cited by both parties, as well as those we have been able to find. We have neither been cited, nor have we found a case in Texas or elsewhere, involving the precise question before us. Our case is unique in that the main thrust of plaintiffs' case is failure to provide adequate supervision. The pleadings and points of error in the East Texas Theatres, Inc. v. Rutledge case, supra, raised the issue as to failure to provide supervision, but that point was not directly passed upon. The court held in that case that plaintiffs failed to prove "cause-in-fact" under proximate cause, and could not recover.

 There is no evidence in the case before us of any assault or attempted assault upon a customer of any age in this particular store, in the area or elsewhere. Apparently counsel for plaintiffs was aware of the proof needed, and as shown above, testified this store was in an area in which a number of transient laborers lived. But, that is as far as the proof went, and that was not far enough to constitute evidence which would support the element of foreseeability under proximate cause.

Reversed and remanded to the trial court with instructions that the case be transferred to the District Court of Travis County.